417 P.2d 118

**Charles R. SORENSEN, Plaintiff and Respondent,**

v.

**Kerry Jean Taylor SORENSEN, Defendant and Appellant.**

**No. 10504.**

Supreme Court of Utah.

July 19, 1966.

Richard B. Woolley, Salt Lake City, for appellant.

Irene Warr, Salt Lake City, for respondent.

HENRIOD, Chief Justice:

Action for divorce, wherein the trial court granted custody of a minor child to the plaintiff father. Affirmed, with costs to the father.

The litigants, a couple of kids, 19 and 17, did what comes naturally, and were married two months after a son Troy fell, an unwilling participant in this lawsuit,—to be but a bouncing ball for a couple of either conceptionists or misconceptionists.

The plaintiff father shortly thereafter sought a divorce. His teenage wife, who had gone on a couple of safaris through several states with a girl friend and two "gentlemen," was awarded the divorce, nonetheless. However, the trial court in its discretion, gave custody to the father.

Mother says father was a cad, an opinion that apparently she did not subscribe to a few months before. Father says mother

was a no good, an opinion that he did not share during his God-given biological urge.

 So: Mother says the lower court had no jurisdiction because father didn't serve her with summons within the time prescribed by Rule 4(b), Utah Rules of Civil Procedure. Up until this time service seems to have been satisfactory.

She would be correct under the rule except she *counter-claimed*, sought relief, got part of that for which she asked, and now complains that with all this she should receive the benefits of the lower court's decision but not the bitter fruits thereof. This she cannot do by double-talk. The court had jurisdiction and exercised it under principles so elementary as to require no citation of authority. She walked into court, asked for relief, got it, and now cannot say I had a foot in the door, but most of my torso was out in the hall.

She says the evidence does not support the trial court's award of the custody of Troy to father. She picks out all of the evidence in her favor, but neglects to point out some of the evidence in favor of Huckleberry Finn. On appeal we review the record in favor of Huckleberry. In doing so we affirm the trial court on this ground.

Two other points on appeal are that (a) there was error in not awarding mother alimony, and that (b) the testimony of a welfare worker should not have been admitted.

Neither is tenable. As to (a): mother was a participant in an unexpected and unfortunate natural experiment where the evidence reflects nothing but mutuality of consent, divorced from any Simon Legree atmosphere. As to (b): the welfare worker's testimony was completely innocuous—but in no degree prejudicial.

McDONOUGH, and CROCKETT, JJ., and LEWIS JONES, District Judge, concur.

CALLISTER, J., concurs in the result.