**SUMMA CORPORATION, a California Corporation, Plaintiff and Respondent,**

v.

**LANCER INDUSTRIES, INC., an Illinois Corporation, the General Partner of Synergetics, a Utah Limited Partnership, Defendant and Appellant.**

**No. 15149.**

Supreme Court of Utah.

March 28, 1978.

3. *State v. Lopez,* 22 Utah 2d 257, 451 P.2d 772 (1969).

John L. McCoy of Ryberg & McCoy, Salt Lake City, for defendant and appellant.

Walter Plumb, III, Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

This is the second appeal brought before this Court by the parties herein. Both appeals involve the question of jurisdiction of the defendants. The prior appeal[1] was brought by the plaintiff when the lower court granted defendants' motion to dismiss under the doctrine of forum non-conveniens. This Court reversed and remanded for further proceedings. The defendants then again moved to dismiss because of lack of service upon them. The trial court denied this motion and the defendants now appeal from that ruling. In making each motion, the defendants said they were appearing "specially."

Lancer Industries, Inc. is an Illinois corporation qualified to do business in Utah. Its president resides in Utah. Lancer is a general partner in a limited partnership known as Synergetics. Synergetics is a partner with another partnership that owns land in Florida. This action arose out of a claimed breach of contract by Synergetics in that it failed to pay Summa Corporation for services rendered in Florida.

Service was made upon the president of Lancer Industries, Inc. here in Utah. The question presented on this appeal is simply this: Is Synergetics brought before the Utah Court either by service upon the president of Lancer Industries, Inc., or by reason of prior proceedings in court?

To serve a partnership, it is only necessary to serve one of the partners.[2] Service upon the president of Lancer Industries, Inc., a general partner in Synergetics, was service upon that limited partnership. We hold that service upon the general partner does bring the named limited partnership before the court, and the trial court properly denied the motion to quash service of process.

It is not necessary to consider whether or not a second motion before the trial court should have been permitted, asking for the same relief as was requested in the first motion, to-wit: to dismiss the action. It would seem that all reasons for granting relief should be made at one time; and certainly numerous appeals ought not be permitted to examine piecemeal the different reasons for granting or denying the same relief requested. Nor need we decide whether or not a motion to dismiss due to forum non-conveniens under a claimed special appearance places the movant in court when he did not question the jurisdiction of the court at the time of that special appearance.

The ruling holding that Lancer Industries, Inc. and Synergetics are properly before the court is affirmed. Costs are awarded to the respondent.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

**1.** *Summa Corporation v. Lancer Industries, Inc.*, Utah, 599 P.2d 544 (1977).

**2.** Rule 4(e)(4), Utah Rules of Civil Procedure.