Ray W. PEASE and Corrine Pease, his wife, Plaintiffs,

v.

The INDUSTRIAL COMMISSION OF UTAH and Luther Lynn Sanders, Defendants.

No. 19787.

Supreme Court of Utah.

Dec. 27, 1984.

R. Scott Williams, Stuart H. Schultz, Strong & Hanni, Salt Lake City, for plaintiffs.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., John S. Chindlund, Salt Lake City, for defendants.

STEWART, Justice.

The issue in this case is whether the Industrial Commission obtained jurisdiction over Ray W. Pease and his wife, Corrine Pease, for the purpose of establishing their personal liability for a workmen's compensation award.

In March 1983, Luther Sanders was severely injured while working for Norco Drilling Services (Norco), a partnership. He applied for workmen's compensation, and on May 11 the Industrial Commission mailed a notice of hearing to Ray Pease and Keith Norwood, dba Norwood Drilling Service, at Norco's business address. The notice informed Norwood and Pease that they had fifteen days in which to answer and that if they did not, a default would be taken. Ray Pease responded by letter dated June 17, 1983, denying liability. On July 6 the Industrial Commission sent Ray Pease and Keith Norwood notice of a hearing to be held July 29. Ray Pease did not appear, and on August 5, 1983, the administrative law judge entered findings of fact, conclusions of law, and an order. He found that Norco had allowed its workmen's compensation insurance policy to lapse, that Keith Norwood and Ray Pease were the principal partners in Norco, and ruled that "each of the partners is jointly and severally liable for the amounts awarded and that Keith Norwood, Claudine Norwood, Ray Pease and Corrine Pease were liable for $284 per week from March 25, 1983 to August 11, 1983 and thereafter until Saunders' condition had stabilized." They were also ordered to pay all of his medical expenses and attorney fees.

On August 18, 1983, Ray Pease sent a letter to the Industrial Commission requesting a "motion for review" but without specifying any alleged errors in the findings, conclusions, or order. The letter also requested "an extension for review or appeal" of the case. The judge treated the letter as a request for extension of time, apparently because there were no specifications of error as required by § 35-1-82.55, and extended the time to file a motion for

review until September 23, 1983. A motion for review was not filed.

Instead, in January 1984 the Peases filed a motion purportedly pursuant to Rules 60(b)(4) and (7) Utah R.Civ.P., to set aside the order as to Corrine Pease on the ground that the Commission had no jurisdiction over her because she had not been served with notice and on the ground that the Commission had not found that she was a partner in Norco so that notice to the partnership would establish jurisdiction over her as a partner. The motion also sought to have the order set aside as to Ray Pease on the ground that he was improperly denied review by the Commission of the judge's findings and order pursuant to U.C.A., 1953, § 35–1–82.53 (Supp.1983).[1] The Commission treated the motion as a motion for review and ruled that there was no basis for reopening the case because Mr. and Mrs. Pease had had sufficient opportunity to present additional evidence during the extension of time granted by the administrative law judge and that the Peases had proffered no evidence that they were not partners in Norco.

On this appeal, Mrs. Pease renews her contention that the Commission had not given her the required statutory notice and had failed to find that she was a partner in Norco, and therefore had failed to establish any basis for exercising personal jurisdiction over her. Mr. Pease also asserts that the Commission failed to give him notice, failed to grant a hearing on his motion for review, and failed to make adequate findings on the partnership issue.

■ Due process requires that a person be given notice of the pendency of an action that adjudicates his rights. *Worrall*

*v. Ogden City Fire Department,* Utah, 616 P.2d 598 (1980). *See also Woody · v. Rhodes,* 23 Utah 2d 249, 461 P.2d 465 (1969). U.C.A., 1953, § 35–1–82.51, provides that "[h]earings shall be held by the commission upon reasonable notice to be given to each interested party by service upon him personally or by mailing a copy to him at his last known post-office address." It is by compliance with this notice provision that the Commission establishes in personam jurisdiction over a person.

Corrine Pease did not receive any notice of the hearing to adjudicate Luther Sander's claim. She was not an addressee of the notice of hearing sent by the Commission to Norco, Ray Pease, and Keith Norwood. Nor was she listed on Sander's application for a hearing either as a partner in Norco or as a statutory employer.

■ Although she received no personal notice, the Commission and Sanders argue that Mrs. Pease waived her right of service and notice when she entered a voluntary appearance through counsel by filing the motion to set the award aside.[2] The argument has no merit. When the motion to set the order aside was filed, the opportunity to appear and defend on the merits had already passed. The issue had been resolved against her. Corrine Pease did not waive her constitutional right to notice of an action against her by moving to set the order aside.

■ The Commission and Sanders contend, however, that the Commission obtained jurisdiction over Mrs. Pease by virtue of the notice served on Norco and Mr. Pease because service of process on one partner is service on all partners in a partnership, citing *Summa Corp. v. Lancer In-*

---

1. That provision states:

   (1) Any party in interest who is dissatisfied with the order entered by an administrative law judge or the commission may file a motion for review of such order. Upon the filing of such motion to review his order the administrative law judge may (a) reopen the case and enter a supplemental order after holding such further hearing and receiving such further evidence as he may deem necessary; or (b) amend or modify his prior order by a

   supplemental order; or (c) refer the entire case to the commission. If the administrative law judge makes a supplemental order, as provided above, it shall be final unless a motion to review the same shall be filed with the commission.

2. The Commission did not comment on whether the Utah Rules of Civil Procedure apply in proceedings before the Commission, but simply denied the motion on the merits.

*dustries,* Utah, 577 P.2d 136 (1978). The argument, however, is faulty because the administrative law judge did not find that she was a partner; he only found that "each of the partners is jointly and severally liable for the amounts awarded." Therefore, the order as to Corrine Pease was not valid because she had not been personally served and there was no basis in the findings for imposing liability on her as a partner.

■ The Commission argues that the Peases had produced no evidence that Mr. and Mrs. Pease were not partners in Norco when the request for an extension or motion for review was filed by Mr. Pease. The answer is twofold: (1) it was not Mrs. Pease's burden to prove that she was not subject to the jurisdiction of the Commission and (2) the motion for extension or review was made only by Mr. Pease. She therefore cannot be held to have waived the issue.

■ Nevertheless, the evidence in the record may be sufficient to sustain a finding that Mrs. Pease was a partner in Norco and liable as such, *see generally Summa Corp. v. Lancer Industries, Inc.,* Utah, 577 P.2d 136 (1978), but it is not within the power of this Court to search the record to determine whether the evidence will support a finding on the point. Accordingly, we remand this case to the Commission to rule on that issue and to take such further action as is appropriate.

■ Mr. Pease argues that he was not subject to the Commission's jurisdiction because he did not actually receive the Commission's notice of hearing until after the evidentiary hearing was held. The argument is that because the notice was mailed to Norco's last known business address, as permitted by statute, instead of to his home address, he did not receive proper notice. Despite the fact that this issue is raised for the first time on this appeal, he asserts that the lack of actual notice was a viola-

tion of his right to due process. Lack of personal service of process may, of course, be waived. *E.g., Sorensen v. Sorensen,* 18 Utah 2d 102, 417 P.2d 118 (1966). In filing the "motion for review" under § 35–1–82.-53, Mr. Pease had the obligation to raise all the issues that could have been presented at that time, and those issues not raised were waived. Had he raised the issue, either the administrative law judge or the Commission could have adjudicated the issue as to the adequacy of the notice.[3] The Commission's implied ruling that Mr. Pease had waived the jurisdictional issue is therefore correct because he clearly entered an appearance at the time of filing the motion to extend time or for review and failed to raise and litigate the jurisdictional issue at that time.

Mr. Pease also argues that the finding which identifies him as a "principal partner" in Norco is inadequate because it is not based on adequate subordinate findings of fact. *See generally Glen M. Barney & Sons, Inc. v. Industrial Commission,* Utah, 609 P.2d 948 (1980). However, he also failed to raise that issue on the motion for review and therefore waived it.

Affirmed as to R.W. Pease and reversed and remanded as to Corrine Pease.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., and DEAN E. CONDER, District Judge, concur.

DURHAM, J., having been disqualified, does not participate herein. CONDER, District Judge, sat.

**3.** As noted, the administrative law judge ruled that Mr. Pease's August 18 letter was a request for an extension of time instead of a motion for review. Although the letter requested both a "motion for review" and "an extension," the letter failed to specify any alleged errors in the order as required by § 35–1–82.55. Mr. Pease, therefore, failed to raise the jurisdictional issue when it could have been raised.