Thomas H. SMALLWOOD, Petitioner,

v.

BOARD OF REVIEW OF THE INDUS-TRIAL COMMISSION OF UTAH, Employers' Reinsurance Fund, and E.A. Miller, Respondents.

No. 910667–CA.

Court of Appeals of Utah.

Oct. 23, 1992.

Hans M. Scheffler, Salt Lake City, for petitioner.

Robert W. Brandt, Brad C. Betebenner, and Erie V. Boorman, Salt Lake City, for respondents.

Before Judges BENCH, GARFF and RUSSON, JJ.

## OPINION

GARFF, Judge:

Petitioner, Thomas Smallwood, challenges the Utah Industrial Commission's (Commission) order denying him workers' compensation benefits. We affirm.

## FACTS

Smallwood has worked as a laborer and truck driver since graduating from high school in 1963. Smallwood worked for E.A. Miller as a truck driver from July 1980 to April 1989. He has been involved in eight incidents that have affected his lower back. Seven such incidents were work-related and occurred while Smallwood was employed by E.A. Miller. In 1970, prior to his employment with E.A. Miller, Smallwood sustained injuries in a non-industrial pick-up truck rollover. He had neck and lower back pain. As a result of the 1970 accident, Smallwood missed approximately two months of work.

While employed by E.A. Miller, Smallwood suffered seven injuries to his lower back between 1980 and 1988. The last injury, which is the subject of this appeal, occurred on October 27, 1988 while Smallwood prepared to unload E.A. Miller's truck. In order to unload the truck, Smallwood needed to stack boxes in the truck trailer onto wooden pallets. Before beginning to unload the truck, Smallwood turned his entire body toward the stack of pallets. At this time, he felt pain in his lower back. He did not lift anything, nor did he twist his torso in a direction different from the direction his hips were facing. He simply turned to get a pallet when he felt the pain.

Smallwood filed an Application for Hearing with the Commission, seeking workers' compensation benefits for the October 27, 1988 injury. The Administrative Law Judge (ALJ) adopted the medical panel's report, which found a medically demonstrable connection between the 1970 pick-up truck rollover and the October 27, 1988 industrial accident. Based on the medical panel's report, the ALJ denied Smallwood's request, concluding that the October 27, 1988 injury was non-compensable because Smallwood had a preexisting lower back condition attributable to the 1970 pick-up truck rollover. The ALJ applied the *Allen v. Industrial Comm'n*, 729 P.2d 15 (Utah 1986) legal causation standard and required Smallwood to show his injury occurred during unusual exertion. The ALJ concluded that the "turning motion" described by Smallwood did not satisfy the standard for "unusual exertion" outlined in *Allen*.

Smallwood filed a Motion for Review with the Commission. The Commission first reversed the ALJ's order and then, in an amended order, affirmed the ALJ's deni-

al. In its amended order, the Commission stated that the medical panel apportioned 7.5% of Smallwood's 17% whole person impairment rating to the 1970 pick-up truck rollover. Therefore, because Smallwood brought a preexisting condition to his job with E.A. Miller, the Commission concluded that the ALJ correctly applied the *Allen* test to Smallwood's case, supporting her conclusion that Smallwood's October 27, 1988 accident was non-compensable.

Smallwood appeals from the Commission's amended order, claiming the Commission erred in concluding that 7.5% of Smallwood's 17% whole person impairment was due to the 1970 pick-up truck rollover. Smallwood also claims the Commission incorrectly applied the *Allen* test when it denied him workers' compensation benefits.[1]

## PREEXISTING INJURY

Concerning Smallwood's preexisting condition, we affirm the findings of the Commission. The medical panel report, adopted by the ALJ, found a medically demonstrable causal connection between the October 27, 1988 injury and Smallwood's preexisting back injuries, including the 1970 pick-up truck rollover.

Smallwood claims the Commission erred in finding that he had a preexisting condition from the 1970 pick-up truck rollover. Findings of fact under the Utah Administrative Procedures Act[2] should be affirmed if they are "supported by substantial evidence when viewed in light of the whole record before the court." *Grace Drilling Co. v. Board of Review*, 776 P.2d 63, 66 (Utah App.1989). To challenge this finding, Smallwood is required to marshal the evidence supporting the finding and

---

1. Smallwood failed to raise several other issues in his Motion for Review with the Commission. Issues not raised in the Motion for Review are waived. *Pease v. Industrial Comm'n*, 694 P.2d 613, 616 (Utah 1984). Only the issues relating to the *Allen* test were properly preserved in Smallwood's Motion for Review. Therefore, the following issues are considered waived: (1) whether the Commission erred in dismissing the attorneys representing E.A. Miller's prior insurance carriers; (2) whether Smallwood is entitled to a tentative finding of permanent total disability based on the ALJ's failure to make

any findings that his preexisting condition contributed to his industrial injury; and (3) whether E.A. Miller assumed responsibility for Smallwood's October 27, 1988 injury by paying a limited amount of temporary total disability benefits and partial disability benefits.

2. Because these proceedings were commenced after January 1, 1988, this appeal is governed by the Utah Administrative Procedures Act, Utah Code Ann. §§ 63–46b–1 to –22 (1989).

then to show that the challenged finding is "so lacking in support as to be 'against the clear weight of the evidence,' thus making [it] 'clearly erroneous.' " *In re Bartell,* 776 P.2d 885, 886 (Utah 1989) (quoting *State v. Walker,* 743 P.2d 191, 193 (Utah 1987)).

■ Here, Smallwood failed to marshal the evidence supporting the finding that he had a non-work-related preexisting condition, and he does not demonstrate that his preexisting condition was the exclusive result of prior work-related E.A. Miller accidents. In fact, Smallwood acknowledges the 1970 pick-up truck rollover and concedes it was a personal risk that Smallwood brought to E.A. Miller. Smallwood does not point to any medical evidence indicating that his preexisting condition was not medically connected to the October 27, 1988 injury. Finally, he does not show how the ALJ's adoption of the medical panel report is against the clear weight of evidence. We have therefore, a strong procedural basis to affirm the Commission's finding that Smallwood had a preexisting condition that contributed to his injury.

Additionally, Smallwood claims the ALJ made no finding that Smallwood's preexisting condition contributed to his October 27, 1988 industrial injury. Smallwood relies on *Nyrehn v. Industrial Comm'n,* 800 P.2d 330 (Utah App.1990), *cert. denied,* 815 P.2d 241 (Utah 1991), which requires the employer to prove medically that the claimant has a preexisting condition that contributes to the injury before applying the *Allen* causation test. *Id.* at 334. However, the ALJ, in applying the *Allen* test, adopted the medical panel's report, which found a medically demonstrable causal connection between the October 27, 1988 incident and Smallwood's preexisting conditions, including the 1970 pick-up truck rollover injury. Therefore, because Smallwood suffers from a non-work-related preexisting condition that contributed to the October 27, 1988 injury, the ALJ correctly applied the *Allen* test.

## THE *ALLEN* TEST

Smallwood claims the Commission erred in applying the *Allen* test to dismiss his claim for workers' compensation and relies on *Fred Meyer v. Industrial Comm'n,* 800 P.2d 825 (Utah App.1990), *cert. denied,* —— P.2d —— (Utah 1991). The standard used to determine whether the ALJ correctly interpreted and applied *Allen* is governed by Utah Code Ann. § 63–46b–16 (1990). The applicable portions of this section require us to review the agency's record to determine whether the agency erroneously interpreted or applied the law so as to substantially prejudice Smallwood.

■ *Allen* sets out the test for determining whether a workplace injury and its resulting disability is compensable. A claimant must prove both legal and medical causation. *Allen,* 729 P.2d at 25–27. To meet the legal causation requirement, "where the claimant suffers from a preexisting condition which contributes to the injury, an unusual or extraordinary exertion is required to prove legal causation." *Id.* at 26. The comparison between usual and unusual exertion is an objective standard: The "focus is on what typical nonemployment activities are generally expected of people in today's society, not what this particular claimant is accustomed to doing." *Id.* To meet the medical causation requirement, a claimant must "show by evidence, opinion, or otherwise that the stress, strain, or exertion required by his or her occupation led to the resulting injury or disability." *Id.* at 27. Because a claimant is required to prove both legal and medical causation, failure to prove either one precludes recovery.

■ The ALJ concluded that Smallwood failed to meet the legal causation prong of the *Allen* test because Smallwood stated he was merely turning his entire body to go from one direction to the other when he was injured. The ALJ correctly concluded that this did not meet the unusual exertion requirement of *Allen.* Merely turning one's body to face another direction is not exertion beyond the usual exertions of non-employment life.

■ The legal causation standard of *Allen* does not apply when a preexisting con-

**720**

dition is caused by work-related injuries previously incurred in the same workplace. *Fred Meyer,* 800 P.2d at 829. "The *Allen* test was not meant to disqualify workers from recovering when their *workplace-related* preexisting conditions are subsequently aggravated by the same workplace." *Id.* at 830 (emphases added). In *Fred Meyer,* the claimant's medical history gave no indication of any back problems or injuries prior to employment with Fred Meyer. *Id.* at 827. Her medical records supported a finding that her back problems were caused by work-related injuries. *Id.* at 828. Therefore, the claimant "was not required to satisfy the higher [*Allen*] standard when [her] increased risk of injury was not a personal risk brought to the workplace, but rather an employment-induced risk incurred while working for the same employer." *Id.* at 830.

Unlike the claimant in *Fred Meyer,* Smallwood brought an element of personal risk to E.A. Miller. The medical panel report specifically found the impairment attributable to the 1970 pick-up rollover was medically connected to the October 27, 1988 injury. Because Smallwood brought a preexisting condition to his employer, E.A. Miller, the ALJ correctly applied the higher legal causation standard of *Allen* to Smallwood's case.

*Allen* draws a bright line requirement that a claimant with a preexisting injury must show unusual or extraordinary exertion. Neither *Nyrehn* nor *Fred Meyer* changes that. Therefore, the ALJ correctly applied the *Allen* test because, contrary to the facts of *Fred Meyer,* Smallwood brought a personal preexisting condition to the workplace.

### CONCLUSION

The ALJ's decision, affirmed by the Commission in its amended order, correctly interpreted and applied the *Allen* test. We, therefore, affirm the Commission's order.

BENCH and RUSSON, JJ., concur.