**Denis ASHCROFT, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF UTAH; Airfax Express, Inc.; and Liberty Mutual Insurance Company, Respondents.**

No. 920586–CA.

Court of Appeals of Utah.

June 16, 1993.

Bruce J. Wilson and Sam Primavera, Provo, for petitioner.

Michael E. Dyer and Michael A. Peterson, Salt Lake City, for Airfax Exp., Inc., and Liberty Mut. Ins. Co.

Benjamin A. Sims, Salt Lake City, for Indus. Com'n.

Before GARFF, GREENWOOD and ORME, JJ.

## OPINION

GARFF, Judge:

Petitioner, Denis Ashcroft, seeks review by this court of an Industrial Commission order denying him workers compensation benefits. We affirm in part, reverse in part, and remand.

### FACTS

On September 25, 1989, Ashcroft sustained an industrial injury while unloading freight from a truck. The employer's compensation insurer paid temporary total disability benefits from September 26, 1989 through June 5, 1990 as well as compensation for a five percent permanent partial impairment.

On September 26, 1991, Ashcroft petitioned for additional temporary disability compensation, an increased permanent partial disability rating and medical expenses. Ashcroft alleged that the same September 25, 1989 industrial injury rendered him unable to work.

After a formal hearing, the administrative law judge (ALJ) denied Ashcroft's claim. The ALJ did not convene a medical panel, despite a request by both parties' counsel to do so. The ALJ discounted conclusory statements of two expert witnesses regarding Ashcroft's impairment ratings: Dr. Capel merely recites what the insurance adjustor was offering and postpones a rating; Dr. Sanders makes a conclusory statement of 15% without reference to any underlying facts or industrial cause.

The ALJ made findings of fact and conclusions of law, which the Commission essentially adopted. She determined that "the true cause of [Ashcroft's] continuing problems stem from pre-existing degenerative problems, intervening non-industrial events, and unrelated health conditions. Therefore, his claim fails for lack of medical and legal causation."

Ashcroft moved the Industrial Commission for review. In his motion, Ashcroft failed to raise issues regarding sufficiency of the evidence and adequacy of the ALJ's findings, concentrating his administrative appeal on the ALJ's refusal to convene a medical panel. The Commission, after adopting the ALJ's findings, affirmed the ALJ's denial of benefits. Ashcroft now seeks review of the Commission's denial.

### PRESERVATION OF ISSUES

■ We first consider the threshold issue of whether Ashcroft properly preserved for review the issues he now raises, namely issues of sufficiency of the evidence, standard of proof and adequacy of the ALJ's findings, given that he failed to raise these issues before the Commission.

*Pease v. Industrial Comm'n*, 694 P.2d 613 (Utah 1984) is dispositive. The *Pease* court held that a petitioner, in moving for review, has "the obligation to raise all the issues that could have been presented at that time, and those issues not raised [are] waived." *Id.* at 616; *accord Smallwood v. Industrial Comm'n*, 841 P.2d 716, 718 n. 1 (Utah App.1992). The rationale is that by raising an issue at the administrative level, "either the administrative law judge or the Commission could have adjudicated the issue." *Pease*, 694 P.2d at 616.

Ashcroft failed to raise the above issues before the Commission. Of those issues, all except for his claim that the Commission employed the wrong standard of proof, are claims that could have been presented to the Commission. *See id.* Thus, we deem that Ashcroft has waived the is-

sues of sufficiency of the evidence and adequacy of the ALJ's findings and that he cannot now raise them for the first time on petition for judicial review. *Id.* Ashcroft could not have raised the claim that the Commission employed the wrong standard of proof until after the Commission had made its review. Thus, this claim is properly before this court even though it is raised for the first time on judicial review.

## STANDARD OF PROOF

■ Ashcroft claims the Commission applied the wrong standard of proof when it denied his motion for review. In its review of the ALJ's decision, the Commission employed the phrase "substantial evidence." This is not the correct standard. The quantum of evidence required to prove compensability is a preponderance of the evidence. *Lipman v. Industrial Comm'n,* 592 P.2d 616, 618 (Utah 1979).

The distinction between preponderance of evidence and substantial evidence is significant. A reviewing body, such as this court, applies the standard of substantial evidence to examine whether the record contains evidence supporting the findings made by the trier of fact. The reviewing court does not weigh the evidence. In contrast, a trier of fact, including the Commission, determines whether the petitioner has met his or her burden of proof, the standard being preponderance of the evidence. The Commission's mistake as to the standard of proof is not one of mere phraseology. Both Ashcroft and this court are entitled to know that his proof was evaluated under the correct standard.

We therefore remand the claim for the Commission to evaluate it under the standard of preponderance of the evidence.

## MEDICAL PANEL

Ashcroft claims the Commission acted unreasonably and irrationally in not convening a medical panel. Ashcroft preserved this issue by including it in his motion for review before the Commission. *See Pease v. Industrial Comm'n,* 694 P.2d 613, 616 (Utah 1984).

■ The "Commission *may* refer the medical aspects of [a workers compensation] case to a medical panel appointed by the Commission." Utah Code Ann. § 35–1–77(1)(a) (1992) (emphasis added). This statutory language is permissive, not mandatory. *See Intermountain Health Care, Inc. v. Industrial Comm'n,* 839 P.2d 841, 845 (Utah App.1992).

Pursuant to section 35–1–77(1)(a), the Commission enacted Rule 568–1–9 as a guideline in determining if a medical panel should be convened. In contrast to the statute, the wording of the agency rule is mandatory:

A. A panel *will* be utilized by the Administrative Law Judge where:

1. One or more significant medical issues may be involved. Generally a significant medical issue must be shown by conflicting medical reports. Significant medical issues are involved when there are:

(a) Conflicting medical reports of permanent physical impairment which vary more than 5% of the whole person,....

Utah Code Admin.P. R568–1–9 (emphasis added). Thus, the rule *requires* the Commission to convene a medical panel when the evidence supports conflicting industrial impairment ratings with more than a five percent difference. If the evidence regarding impairment ratings supports ratings that vary by more than five percent, as petitioner asserts, a medical panel would be necessary to resolve the differences.

In short, the statute explicitly grants discretion to the Commission as to whether to convene a medical panel. The Commission, in turn, restricted its own discretion by promulgating the Rule requiring it to convene a medical panel in certain instances.

■ Our review is pursuant to Utah Code Ann. § 63–46b–16(4)(h)(ii) (1987) because this issue requires us to consider whether the agency acted contrary to its own rule. Thus, "we will not disturb the agency's interpretation or application of the [rule] unless its determination exceeds the bounds of reasonableness and rationali-

ty." *King v. Industrial Comm'n,* 850 P.2d 1281, 1286 (Utah App.1993).[1]

Here, the Commission determined:

The bald statement by Dr. Sanders, in connection with his assertion that a 15 percent rating was appropriate, was supported by absolutely no medical analysis or logic. We need some justification, and in the absence of such, we cannot speculate. In the case of Dr. Capel, there is no statement by him as to any appropriate rating, other than a statement that the adjustor had decided upon a five percent rating. We therefore conclude that the evidence does not support the applicant in this regard.

In short, the Commission found no specific or supported impairment rating in the record, much less conflicting impairment ratings. Nor did the Commission find that the ratings given related to an industrial cause. Thus, there was no departure from the agency rule because the agency rule did not apply. Therefore, we need not consider whether any departure was reasonable and rational.

## CONCLUSION

Ashcroft could have, but failed to raise the issues of sufficiency of the evidence and adequacy of the ALJ's findings. We therefore deem that he has waived those issues. We affirm the ALJ's refusal to convene a medical panel as reasonable and rational because the ALJ found no specific or supported impairment rating in the record. On the other hand, we cannot affirm the Commission's decision because the Commission employed the wrong standard of proof in its review of the evidence. We therefore reverse the Commission's order and remand for the Commission to conduct a review employing the proper standard of preponderance of the evidence.

Affirmed in part, reversed in part, and remanded.

GREENWOOD and ORME, JJ., concur.

---

1. In the event we determine an agency has in fact departed from its own rule, we would then consider whether the departure was reasonable and rational. *King,* 850 P.2d at 1284–88; Utah Code Ann. § 63–46b–16(4)(h)(ii); *SEMECO Indus., Inc. v. Utah State Tax Comm'n,* 849 P.2d 1167, 1174 (Utah 1993) (Durham J., dissenting) ("courts also should uphold reasonable and rational departures from agency rules absent a showing by the party challenging the departure that the departure violated some other right.") (citing *Union Pac. R.R. v. Auditing Div.,* 842 P.2d 876, 879 (Utah 1992)).