John W. ZUPON, Petitioner,

v.

**INDUSTRIAL COMMISSION OF UTAH, Employers' Reinsurance Fund; Uninsured Employers' Fund; and Kaiser Steel Corporation, Respondents.**

No. 920569–CA.

Court of Appeals of Utah.

Sept. 14, 1993.

Virginius Dabney, Dabney & Dabney, P.C., Robert Bentley (Argued), Salt Lake City, for petitioner.

Edwin C. Barnes (Argued), Clyde, Pratt & Snow, P.C., Salt Lake City, for Uninsured Employers' and Kaiser Steel.

Benjamin A. Sims, Gen. Counsel, Salt Lake City, for respondent Industrial Commission of Utah.

Erie V. Boorman, Salt Lake City, for respondent Employers' Reinsurance Fund.

Before BENCH, BILLINGS and ORME, JJ.

BILLINGS, Presiding Judge:

John W. Zupon filed this Petition for Review from an order of the Industrial Commission denying his claim for permanent total disability benefits. We affirm.

## BACKGROUND

In 1975, petitioner was employed by Kaiser Steel as an electrician. On August 7 of that year, he felt a pain in his back while lifting an acetylene tank at work. In February of 1977, an administrative law judge found petitioner had a ten percent permanent physical impairment and was entitled to twenty-six weeks of temporary total compensation and thirty-one weeks of permanent partial compensation. The ALJ based his ruling on the opinion of a medical panel which found petitioner had total physical impairment of sixty percent. The panel, however, found only ten percent of the total physical impairment attributable to the industrial accident. It attributed the balance of petitioner's impairment to a preexisting condition known as ankylosingspondylitis, a degenerative disease of the spine. The panel concluded the ten percent impairment was attributable to the industrial accident because there was "a one-in-six chance that the ankylosingspondylitis was aggravated by the lumbar back strain on the basis of the progression of the x-ray changes."

In June of 1976, petitioner applied for social security disability benefits. His initial application, application for a rehearing,

and application on appeal were all denied. Following a court order obtained to acquire review of unspecified new evidence, petitioner had a new hearing in May of 1978. In June of 1978, the Social Security Administration's ALJ granted petitioner benefits. The ALJ ruled petitioner's total disability was not a result of his back problems but rather a result of arthritis in his hands that became more severe starting in January of 1977. A doctor who assessed petitioner in 1981 to determine whether his Social Security benefits should continue noted: "I think this patient's symptoms are way out of proportion to the objective findings which are presented."

On May 24, 1991, petitioner filed an application for permanent total disability based on his 1975 accident. A hearing was held and the ALJ concluded petitioner had failed to establish the necessary medical causation between his 1975 industrial accident and his permanent total disability. The ALJ based her conclusion on two rationales: First, the medical evidence demon-

strated it was petitioner's arthritic condition, which was unrelated to the industrial injury, that caused petitioner's inability to work; Second, even if ankylosingspondylitis contributed to petitioner's inability to work, the industrial accident did not cause the disease and "only questionably aggravated it."

On August 3, 1992, the Industrial Commission issued an order affirming the ALJ's order and denying petitioner's motion for review. Petitioner brings a petition for review to this court from the Commission's order.[1]

On appeal, petitioner argues the Commission erred by failing to apply the "odd lot" doctrine to his situation and award him permanent total disability benefits.[2] Petitioner further claims the Commission's determination of no medical causation was contrary to its prior determination of ten percent causation and therefore in error.[3] The Commission responds that

---

1. In his reply brief, petitioner challenges, under Utah Code Ann. § 63–46b–12(6)(c) (1989), the sufficiency of the Industrial Commission's findings of fact in its order denying review. We note the facts in this case are undisputed and in such a case the failure to disclose a specific subsidiary finding is not fatal to the agency's decision. *See Adams v. Board of Review*, 821 P.2d 1, 5 (Utah App.1991). Although we do not remand here because of the nature of the record, we strongly encourage the Industrial Commission to clearly articulate its factual findings in *all* cases to enhance our ability "to conduct a meaningful review." *Id.* at 4.

2. Petitioner also argues the Commission erred when it rejected his claim, made for the first time in his Motion for Review, that he deserved compensation for an additional fifty percent permanent partial disability. The application for a hearing does not specify such a claim. The ALJ, in a response letter, indicates that such a claim was not presented at the hearing. Although the Commission rejected the claim based on the eight year statute of limitations which had expired more than seven years before petitioner raised this claim in his motion for review, we do not consider Mr. Zupon's claim because his failure to raise the claim at the original hearing precludes any review on appeal. *See Ashcroft v. Industrial Comm'n*, 855 P.2d 267, 268–69 (Utah App.1993).

3. Petitioner also claims we should remand the case for factual findings because the Commis-

sion applied the substantial evidence test rather than a preponderance of the evidence standard. *See Ashcroft v. Industrial Comm'n*, 855 P.2d 267, 269 (Utah App.1993). In *Ashcroft*, the Industrial Commission held petitioner had failed to meet his burden of proof under the substantial evidence standard. Furthermore, the only evaluation of the evidence the Commission did was under the substantial evidence standard. We noted substantial evidence review is not the role of the Commission, a trier of fact. *Id.*

The case at hand is significantly different. Here, the Commission ruled the ALJ's findings were supported by substantial evidence. The order found the respondents had established no medical causation by "substantial evidence." This is the exact opposite of *Ashcroft*. A substantial evidence standard represents a higher burden of proof and thus the comment represents at most a harmless error.

Furthermore, in the order denying review, the Commission systematically responded directly to the challenges the petitioner asserted to the ALJ's findings. In response to the petitioner's challenge that the ALJ improperly found no medical causation, the Commission recited the evidence supporting medical causation and concluded "the medical records do not establish a medical causal connection between applicant's August 7, 1975 industrial injury and his permanent total disability." As opposed to *Ashcroft*, where substantial evidence was the only comment on the evidence by the Commission, in this case the substantial evidence standard is

the odd lot doctrine is inapplicable because medical causation must be established prior to the doctrine's application and the Commission properly found petitioner's industrial injury did not cause his permanent total disability.

## ODD LOT DOCTRINE

■ The odd lot doctrine "allows the Commission to find permanent total disability when a relatively small percentage of impairment caused by an industrial accident is combined with other factors to render the claimant unable to obtain employment." *Zimmerman v. Industrial Comm'n,* 785 P.2d 1127, 1131 (Utah App. 1989). *See also Marshall v. Industrial Comm'n,* 681 P.2d 208, 212–13 (Utah 1984) (discussing odd lot doctrine). To qualify as a recipient of benefits under the odd lot doctrine, an employee must first "prove that he or she can no longer perform the duties required in his or her occupation." *Zimmerman,* 785 P.2d at 1131. Next, the employee, through cooperation with the Division of Vocational Rehabilitation, must "establish that he or she cannot be rehabilitated." *Id.* After the employee has shown that rehabilitation is not possible, the employer has the opportunity "to prove the existence of steady work the employee can perform." *Id.* The work the employer establishes is available must take into consideration all relevant factors "including the employee's education, mental capacity, and age" as well as physical limitations. *Id.*[4]

■ Before a claimant can acquire benefits under the odd lot doctrine, however, the claimant must establish a compensable industrial injury. *Zimmerman,* 785 P.2d at 1132. " '[U]nless the claimant has suffered a compensable industrial injury, the [odd lot] doctrine is inapplicable no matter how compelling the other factors.' " *Id.* (quoting *Ortiz v. Industrial Comm'n,*

766 P.2d 1092, 1094 (Utah App.1989)) (modifications in original). The claimant must prove the compensability of an injury by a preponderance of the evidence. *Ashcroft v. Industrial Comm'n,* 855 P.2d 267, 269 (Utah App.1993). Proving medical causation between the industrial accident and the disability for which the claimant seeks compensation is a necessary component for recovery. *Allen v. Industrial Comm'n,* 729 P.2d 15, 27 (Utah 1986).

## MEDICAL CAUSATION

■ Medical causation is an issue of fact and we review the determination of the Industrial Commission under the substantial evidence standard. *See King v. Industrial Comm'n,* 850 P.2d 1281, 1285 (Utah App.1993); Utah Code Ann. § 63–46b–16(4)(g) (1989). "Medical causation demands that petitioner 'prove [his] disability is medically the result of an exertion or injury that occurred during a work-related activity.' " *Willardson v. Industrial Comm'n,* 856 P.2d 371, 375 (Utah App. 1993) (quoting *Allen v. Industrial Comm'n,* 729 P.2d 15, 27 (Utah 1986)) (footnote omitted).

Petitioner claims the Commission committed error in ignoring its prior decision that ten percent of petitioner's permanent partial impairment was attributable to the industrial accident. This argument misapprehends the impact of the Commission's earlier decision.

■ For the odd-lot doctrine to apply, the Commission must first determine there is medical causation between the petitioner's 1975 industrial accident and his now claimed *permanent total* disability. That is a different question from, and not controlled in any way by, the determination that his industrial accident caused a permanent *partial* disability. Furthermore, the determination that there was medical cau-

---

simply recited in response to an unclear nonspecific challenge. The substantive, factual discussion of the case applies the necessary preponderance of the evidence standard.

**4.** Although petitioner argues that application of the odd lot analysis indicates he is entitled to benefits, it is clear from the record there was, at

the very least, never any rehabilitation evaluation ordered. *See Hardman v. Salt Lake City Fleet Management,* 725 P.2d 1323, 1328 (Utah 1986) (remanding for rehabilitation determination). *See also Norton v. Industrial Comm'n,* 728 P.2d 1025, 1028 (Utah 1986) (per curiam) (remanding to assess disability and provide employer opportunity to prove existence of work).

sation in the 1977 hearing did not prevent the Commission from reaching a different conclusion based on new medical evidence at the 1992 hearing. *See* Utah Code Ann. § 35–1–78(1) (Supp.1993). While the 1977 decision was some evidence supporting medical causation for the new permanent total claim brought sixteen years after the industrial accident, the ALJ and the Commission properly reassessed *all* the medical evidence in the record.

Based primarily on the Social Security Administration's determination that petitioner's total disability was a result of the arthritis in the petitioner's hands, the Commission found there was no medical causation between the 1975 industrial injury and his permanent total disability claim.[5] Thus, the Commission's determination petitioner did not establish by a preponderance of the evidence that the 1975 industrial accident was a medical cause of his now claimed total permanent disability is supported by substantial, undisputed evidence in the record. We therefore affirm.

### CONCLUSION

The Industrial Commission's determination that petitioner failed to establish his 1977 industrial injury was a medical cause of his now claimed permanent total disability is supported by substantial evidence. We therefore affirm the denial of permanent total disability benefits.

ORME and BENCH, JJ., concur.

---

5. The ALJ and the Commission discussed an alternative basis for the rejection of petitioner's claim. Based on the medical panel's assessment that there was only a one-in-six chance petitioner's back injury aggravated his spine disease, the ALJ questioned the validity of the earlier ALJ's finding of medical causation. The ALJ noted a one-in-six, or 16 and 66 one-hundredths percent, chance is significantly less than the 50 percent required under the preponderance of the evidence standard. Furthermore, the ALJ explicitly and completely reviewed the substantial, undisputed medical evidence in the case. The Commission also affirmed the ALJ's finding of no medical causation on this basis and recited undisputed facts in the record to support its conclusion. The commission noted: (1) The medical records show no treatment for back pain after 1976; (2) The doctors who treated petitioner immediately after the accident noted he complained of pain and limited use of much of his body, "suggesting that the applicant was experiencing symptoms of progressive arthritis of the spine, shoulders, elbows, and hands;" (3) A doctor in 1976 concluded petitioner could return to work; and (4) A doctor evaluating petitioner for Social Security Benefits in 1981 concluded petitioner's symptoms were out of proportion with the doctor's objective analysis.