**Jennie M. FEATHERSTONE, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF UTAH; Tooele Valley Regional (Employer); and/or Utah Local Government Trust; and Employers' Reinsurance Fund, Respondents.**

No. 930280–CA.

Court of Appeals of Utah.

June 29, 1994.

---

David W. Parker (argued), Salt Lake City, for petitioner.

David L. Church (argued), Salt Lake City, for respondents Tooele Regional and Local Government Trust.

Thomas C. Sturdy, Sharon Eblen, Salt Lake City, for Ind. Com'n.

Before BILLINGS, DAVIS and ORME, JJ.

## OPINION

DAVIS, Judge:

Jennie M. Featherstone petitions this court for review of the Industrial Commission's (Commission) denial of workers' compensation benefits. We affirm.

The facts are as follows. Featherstone was employed for ten years as a dishwasher at Tooele Valley Regional Medical Center. On April 16, 1991, Featherstone hurt her back at work while picking up a tray of milk. She reported the injury as an industrial accident and received workers' compensation benefits.

On July 15, 1991, while performing her duties as a dishwasher, Featherstone approached her supervisor, Greg Coburn, complaining of pain in her right shoulder. She informed him that her arm and shoulder hurt and that she could not finish her shift. However, she did not tell Coburn that her pain was the result of an accident which occurred at work.

After leaving work on July 15, Featherstone saw her doctor, Dr. David Curtis, who told her to take a few days off work and report back to him in a week. There is no indication in Dr. Curtis's report that Featherstone had a work-related accident. Dr. Curtis obtained an arthrogram of Featherstone's right shoulder, which showed that she had a torn rotator cuff. Featherstone had surgery to repair the rotator cuff on July 30, 1991.

In approximately late July or early August of 1991, Marilyn Beesley, the insurance adjuster assigned to handle Featherstone's claim for benefits due to her April 16, 1991 back injury, received a request for approval of Featherstone's shoulder surgery to be charged under the April 16, 1991 claim. Beesley denied the request for compensation for the shoulder surgery on the ground that it was completely unrelated to the April 16, 1991 incident. Thereafter, Featherstone telephoned Beesley and asked her to reconsider covering the shoulder surgery. Beesley declined. At no time did Featherstone inform Beesley that she had suffered another industrial accident on July 15, 1991.

On August 29, 1991, after being denied benefits for her shoulder injury under the April 16, 1991 claim, Featherstone reported that her shoulder was injured in an industrial accident on July 15, 1991. After benefits for the alleged July 15, 1991, shoulder injury were denied, Featherstone filed an application for hearing requesting compensation for medical expenses, permanent partial and

temporary partial disability compensation, travel expenses, and interest. A hearing was held before an Administrative Law Judge (ALJ) on June 12, 1992.

At the hearing, Featherstone testified that she suffered sudden pain in her right shoulder on July 15, 1991 while lifting twelve food serving trays. She testified that she informed both Coburn and another supervisor, Opal West, of her injury on July 15. However, Coburn testified that West was not working that day, so Featherstone could not have informed her of the injury as described.

Featherstone's medical records were also produced at the hearing, showing that she had suffered from pain in her right shoulder dating back at least three years before the alleged July 15 accident. Her records reveal that she complained of the pain several times and received treatment for the same. On June 20, 1991, less than one month before the July 15 incident, Featherstone saw Dr. Curtis and reported pain in her shoulders. She claimed to have grinding and popping in her shoulders, with her right shoulder being worse than the left. After the July 15 incident, Featherstone again complained to Dr. Curtis of grinding and popping in her right shoulder.

After the hearing, the ALJ denied Featherstone's claim, finding that Featherstone had failed to show that an industrial accident had occurred. In his findings of fact, the ALJ determined that Featherstone's shoulder problems originated long before July 15, 1991, and that Featherstone was not a credible witness due to contradictory testimony given at the hearing. Featherstone filed a

timely motion for review of the ALJ's denial of her claim with the Commission. After reviewing the record, the Commission issued an order adopting the ALJ's findings of fact and affirming the ALJ's decision.

■ Featherstone identifies several interrelated issues [1] on appeal, but appears to present essentially three claims of error. First, she claims that the Commission erred by not making adequate findings of fact and conclusions of law. Second, Featherstone argues that the evidence is insufficient to support the Commission's decision.[2] Third, Featherstone contends that she was "substantially prejudiced" by the 162–day delay between the hearing and the ALJ's decision.

■ With respect to the first issue, Featherstone argues that the Commission's findings are inadequate because (1) they do not discuss causation, and (2) they merely summarize conflicting evidence without making actual factual findings. Featherstone also claims the alleged inadequacy of the findings renders the Commission's decision arbitrary and capricious. We address each of these allegations in turn.[3]

■ Featherstone first claims the Commission's findings are lacking because they do not discuss causation, particularly legal causation. Featherstone's claim that the Commission did not address directly the issue of causation is correct. However, that fact does not render the findings inadequate in this case. The Commission did not discuss the causation prong of the analysis because it determined that Featherstone did not meet the first prerequisite of proving that she had suffered an industrial accident. *See Allen v.*

1. Among these claims are the alleged failure to construe the facts in favor of compensability and the use of "superfluous evidence."

2. In addition, Featherstone alleges that the Commission applied the wrong standard of review in determining whether Featherstone was appropriately denied compensation by the ALJ. In its initial order, the Commission reviewed the ALJ's findings using a "substantial evidence test." That standard was improper. *See Ashcroft v. Industrial Comm'n*, 855 P.2d 267, 269 (Utah App.), *cert. denied*, 868 P.2d 95 (Utah 1993) (holding that Commission must apply preponderance of evidence standard when hearing motions for review of ALJ decisions). This court remand-

ed the matter to the Commission for review using a preponderance of the evidence standard. The Commission again reviewed the evidence using the proper standard and determined that "the applicant has failed to prove by a preponderance of the evidence that she injured her right shoulder in a compensable industrial accident on July 15, 1991." Therefore, because the Commission's amended order applies the correct standard of review, Featherstone's argument is moot.

3. The question of whether the findings are adequate presents a "legal determination that requires no deference to the Commission." *Adams v. Industrial Comm'n*, 821 P.2d 1, 4 (Utah App. 1991).

*Industrial Comm'n,* 729 P.2d 15, 18 (Utah 1986) (reaffirming that there are two prerequisites for finding of compensable injury: injury must be "by accident" and there must be causal connection between injury and employment); *accord Nyrehn v. Industrial Comm'n,* 800 P.2d 330, 334 (Utah App.1990), *cert. denied,* 815 P.2d 241 (Utah 1991). Having failed to meet the industrial accident prong, Featherstone's claim failed and the Commission did not need to address causation.

■ Featherstone next contends the Commission's findings are flawed because they allegedly merely summarize conflicting testimony without making specific findings of what actually occurred, as required by *Adams v. Industrial Comm'n,* 821 P.2d 1, 6 (Utah App.1991). We disagree. The Commission determined that Featherstone's credibility was key to a finding regarding whether an industrial accident occurred. The Commission's findings detail the evidence supporting the ALJ's finding that Featherstone and her witnesses were not credible. Accordingly, the Commission met the *Adams* criteria.

■ Featherstone's last claim of error regarding the ALJ's findings of fact is that they are arbitrary and capricious because they are not sufficiently detailed to permit adequate review. The findings in this case do permit meaningful review. The ALJ found that the medical records showed previous shoulder problems with symptoms similar to those allegedly experienced by Featherstone at work on July 15, 1991. The ALJ also determined that Featherstone was not a credible witness and that the defense witnesses were more credible. The record supports the ALJ's findings on these points. Thus, the ALJ's findings are sufficient and are not arbitrary or capricious.[4]

■ Featherstone's second claim on appeal is that the evidence is insufficient to support the Commission's conclusion denying her benefits. She claims that the ALJ improperly ignored uncontradicted testimony about the nature of her injury. Featherstone did not marshal the evidence in support of the findings and then demonstrate that the findings are unsupported by substantial evidence. Because of this failure, "we accept the Commission's findings as conclusive and affirm the Commission's denial of compensation." *Merriam v. Industrial Comm'n,* 812 P.2d 447, 450 (Utah App.1991).[5] Further, the inconsistencies in Featherstone's testimony, her failure to immediately report the accident, and her attempt to obtain compensation for the shoulder injury under a prior workers' compensation claim all support the findings that Featherstone was not a credible witness, and that an industrial accident did not occur on July 15, 1991.

The final issue on appeal concerns alleged prejudice due to the ALJ's delay in issuing an opinion on Featherstone's application. Featherstone has not argued, much less demonstrated, any actual prejudice due to delay; thus we summarily determine this claim is without merit.

## CONCLUSION

The Commission's findings of fact adopted from the ALJ's decision are sufficiently detailed to permit meaningful review and are not arbitrary and capricious. We reject Featherstone's challenge to the sufficiency of the evidence because she failed to marshal the evidence in support of the findings and then demonstrate that such findings are unsupported by substantial evidence, the standard of review on appeal. Finally, the mere allegation of prejudice due to the delay between the hearing and the issuance of the ALJ's order is insufficient to raise this issue on appeal. We, therefore, affirm the Com-

---

4. Featherstone also claims that her due process rights were violated because the ALJ was biased. Because she does not offer any argument or evidence to substantiate this claim, we do not reach it on appeal. *See* Utah R.App.P. 24(a)(9); *State v. Villareal,* 857 P.2d 949, 953 (Utah App.), *cert. granted,* 862 P.2d 1356 (Utah 1993).

5. We note also that the fact finder is in the best position to judge the credibility of a witness and may disbelieve witness testimony even if it is uncontroverted. *See Homer v. Smith,* 866 P.2d 622, 627 (Utah App.1993).

mission's order denying workers' compensation benefits to Featherstone.

BILLINGS and ORME, JJ., concur.