IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Shane O. Wood, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20100932-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Labor Commission, Karr Painting and | ) | (January 26, 2012) |
| Decoration Inc., and Uninsured | ) | |
| Employers Fund, | ) | 2012 UT App 26 |
| | ) | |
| Respondents. | ) | |

-----

Original Proceeding in this Court

Attorneys:     Benjamin T. Davis, Salt Lake City, for Petitioner
             Mark L. Shurtleff, Nancy L. Kemp, and Ryan E. Simpson, Salt Lake
             City, for Respondents

-----

Before Judges Orme, Davis, and Thorne.

THORNE, Judge:

¶1     Shane O. Wood seeks review of an order of the Utah Labor Commission Appeals
Board (the Board) denying his claim for workers' compensation benefits. The Board's
order reversed an Administrative Law Judge's (the ALJ) decision that Wood was
entitled to benefits. We decline Wood's invitation to disturb the Board's order.

¶2     Wood was employed by respondent Karr Painting and Decoration Inc. (Karr) as
a painter. On May 1, 2007, he was painting the interior of a three-story Salt Lake City
home that had an empty elevator shaft running from the first floor to the third floor.
According to his coworker's testimony, Wood spent the morning of May 1 performing

employment duties throughout the house but began consuming alcohol at the job site after lunch and then went to sleep for approximately two hours in a closet on the first floor. When he awoke, he returned to the second floor and fell into the elevator shaft, sustaining serious injuries for which he seeks workers' compensation benefits.

¶3     The ALJ conducted an evidentiary hearing and ruled that Wood's accident occurred within the course of his employment because the "accident occurred at his job site during the workday." *See generally* Utah Code Ann. § 34A-2-401(1) (2011) (requiring compensation for injuries caused "by accident arising *out of and in the course of* [an] employee's employment" (emphasis added)). Karr requested a Board review of the ALJ's decision. After reviewing the evidence, the Board determined the following facts to be dispositive of Wood's claim for workers' compensation benefits:

> Mr. Wood was engaged in work activities on behalf of Karr during the morning and early afternoon of May 1, 2007. He began drinking alcohol at the work site at about 2 p.m. and continued until he had consumed a small bottle of whiskey and more than half a fifth of vodka. By 4 p.m. he had stopped performing any work duties for Karr and removed himself to a 1st floor closet where he slept for two hours. When he awoke, he made his way up to the 2nd floor but did not resume any work on behalf of Karr. He fell into the elevator shaft and suffered the injuries for which he now claims workers' compensation benefits.

In light of these facts, the Board reversed the ALJ's decision, ruling that Wood was not acting in the course of his employment at the time he was injured because he was not fulfilling work duties or engaged in activity incidental to his duties. Wood now seeks review of the Board's decision.

¶4     We review the Board's decision rather than the ALJ's, giving the Board's factual determinations great deference but reviewing its legal determinations for correctness. *See Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). Here, the Board's scope-of-employment decision presents "a mixed question of law and fact, one that calls upon us to review the application of law to fact." *Salt Lake City Corp. v. Labor Comm'n*, 2007 UT 4, ¶ 13, 153 P.3d 179. Our standard of review of such decisions is "conditionally

deferential," *id.* ¶ 15, balancing the "multifarious array of factual settings presented by scope-of-employment cases," *id.*, with "our statutory obligation to give effect to the [Workers' Compensation] Act's purpose to alleviat[e] hardship upon workers and their families," *id.* ¶ 16 (second alteration in original) (internal quotation marks omitted). "We will therefore look closely to assure ourselves that the Commission has liberally construed and applied the Act to provide coverage and has resolved any doubt respecting the right to compensation in favor of an injured employee." *Id.*

¶5     Wood first argues that his "intoxicated nap after drinking on the job did not constitute a departure from the course of his employment." Utah Code section 34A-2-401(1) provides for workers' compensation benefits to employees injured in accidents "arising out of and in the course of" their employment. *See* Utah Code Ann. § 34A-2-401(1). "[A]n injury occurs 'in the course of' employment when it takes place (1) within the period of employment, (2) at a place where the employee reasonably may be in the performance of [his] duties, and (3) while [he] is fulfilling those duties or engaged in doing something incidental thereto." *Walls v. Industrial Comm'n*, 857 P.2d 964, 967 (Utah Ct. App. 1993) (emphasis omitted). "[A]ll three criteria of time, place and circumstances must be fulfilled in order for a claimant to recover workers' compensation benefits." *Id.*

¶6     Wood argues that the definition of activities incidental to his employment should be construed very broadly given the undisputed facts that he was injured at the job site and during working hours. However, we cannot simply ignore the requirement that Wood must have been "fulfilling [his employment] duties or engaged in doing something incidental thereto" at the time of his accident. *See id.* (emphasis omitted); *see also* 2 Lex K. Larson, *Larson's Workers' Compensation Law* § 20.01 (rev. ed. 2007) ("It is not enough that the injury arise within the time and space limits of the employment."). The Board found that, as a result of his significant alcohol consumption and subsequent two-hour nap, Wood "stopped performing any work or any activities incidental to work," and "completely removed himself from his job duties." We see no other reasonable interpretation of Wood's activities and agree with the Board that, under the circumstances of this case, Wood departed from the course of his employment.

¶7     Wood next argues that even if he did leave the course of his employment during his nap, he returned to that course when he awoke and began moving around the job site. Respondent Uninsured Employers Fund (UEF) contends that Wood cannot raise

this argument in this judicial review proceeding because he did not preserve the issue in the original proceeding before the ALJ. *See generally Zupon v. Industrial Comm'n*, 860 P.2d 960, 962 n.2 (Utah Ct. App. 1993) (determining that a claim for additional disability benefits was not preserved for review in this court when the claimant failed to seek such benefits in his application for hearing or before the ALJ but presented the claim for the first time on review by the Industrial Commission).[1]

¶8      However, Wood's argument before the ALJ was that he was acting within the scope and course of his employment at the time of the accident—an argument that, without further development, encompasses both the possibility that he never left the course of his employment at all and the possibility that he left that course and then returned. In opposition before the ALJ, UEF and Karr merely argued that Wood was not in the course of his employment when the accident occurred. The ALJ ruled in Wood's favor on this argument, and when the distinction between Wood staying on the job versus his leaving and returning to the job was further developed in review proceedings before the Board, Wood clearly raised the argument that he had returned to work when the accident occurred. Further, the Board actually considered and rejected Wood's argument on its merits.[2] Under these circumstances, we deem Wood's argument preserved for review in this court.

---

[1]There may be some tension in our case law on the question of whether issues must be initially presented to an ALJ in order to preserve them for review by this court or whether it is sufficient to raise issues for the first time before an administrative review board. *Compare Zupon v. Industrial Comm'n*, 860 P.2d 960, 962 n.2 (Utah Ct. App. 1993), *with Columbia HCA v. Labor Comm'n*, 2011 UT App 210, ¶ 6, 258 P.3d 640 (mem.) (stating that a claimant "need only to have raised the issues currently on appeal to either the ALJ or the reviewing [Board] for the issues to be properly preserved"). We need not resolve any such tension in this case, however, as we determine that Wood adequately raised his return-to-work argument before both the ALJ and the Board.

[2]We note that the Board's decision to consider Wood's argument would likely have fallen within its discretion to conduct its own proceedings regardless of whether Wood had raised the issue before the ALJ. *Cf. Frito-Lay v. Utah Labor Comm'n*, 2009 UT 71, ¶ 22, 222 P.3d 55 ("The Workers' Compensation Act expressly gives the Labor Commission broad authority to review Commission orders . . . .").

¶9     Although we consider Wood's argument that he returned to the course of his employment, we do not disturb the Board's decision. Wood testified that he did not drink any alcohol on the day of his injury and fell down the elevator shaft while masking the trim around the second-floor shaft opening. The Board made an express finding that this testimony was not credible. Wood's coworker, whose testimony the Board expressly found to be credible, testified that all work around the second-floor shaft opening had been completed one to two days prior to Wood's injury and that there were no tools or painting supplies at the bottom of the shaft or near the second-floor opening at the time Wood was injured. Karr's owner and a safety inspector corroborated the coworker's testimony about the absence of tools or supplies, and Karr's owner also testified that he had personally prepared the area around the second-floor opening prior to Wood's injury and that there was no work for Wood to be doing at that location at the time of his injury.

¶10     This testimony clearly supports a finding that Wood was not actively performing employment duties for Karr at the time of his injury. However, Wood argues that the course of his employment also included incidental movement throughout the house. Therefore, Wood argues, his return trip to the second floor after his first-floor nap was just as much a part of his employment as an identical trip made after, for example, looking for a tool on the first floor. Under these circumstances, we disagree.

¶11     The Board found that Wood had "completely removed himself from his job duties" and that "[i]n the short period between the time that Mr. Wood awoke and the time he fell down the elevator shaft, there is no reasonable basis to conclude that Mr. Wood returned to his work duties or was engaged in any activity incidental to his work." In light of the Board's finding that Wood had completely removed himself from his job duties and Wood's failure to identify any evidence suggesting that he had returned to those duties, we see no error in the Board's determination that Wood had not returned to the course of his employment. Although both the Board and this court are obligated to construe the Act liberally and resolve any doubt in favor of coverage, it would be pure speculation to assume that Wood was returning to his work duties at the time he was injured, as opposed to merely continuing his non-work-related activities.

¶12     For these reasons, we do not disturb the Board's decision denying Wood's petition for workers' compensation benefits.


_____
William A. Thorne Jr., Judge


                                        -----


¶13     WE CONCUR:



_____
Gregory K. Orme, Judge



_____
James Z. Davis, Judge