2007 UT App 186

**Richard MENDOZA, Petitioner,**

v.

**LABOR COMMISSION, Skaggs Companies, and CNA Insurance, Respondents.**

**No. 20051090–CA.**

Court of Appeals of Utah.

June 1, 2007.

Richard Mendoza, Salt Lake City, Petitioner Pro Se.

Mark D. Dean, Kristy L. Bertelsen, and Alan L. Hennebold, Salt Lake City, for Respondents.

Before Judges BILLINGS, DAVIS, and THORNE.

OPINION

DAVIS, Judge:

¶ 1 Petitioner Richard Mendoza appeals the Labor Commission's order, which granted Respondents Skaggs Companies and CNA Insurance's motion for review and set aside the administrative law judge's award of temporary total disability compensation to Petitioner. We affirm.

BACKGROUND

¶ 2 Petitioner was injured while working for Skaggs on May 4, 1999. Although Skaggs paid Petitioner some medical and disability benefits, Petitioner filed an Appli-

cation for Hearing with the Labor Commission to obtain temporary total disability benefits for the period from July 9, 2002, to September 24, 2002. The administrative law judge (ALJ) entered an order on January 13, 2005 (the First Order), in which the ALJ made a finding that Petitioner was medically stable as of July 9, 2002. The ALJ also made an apparently inconsistent finding that Petitioner was injured on July 9, 2002, and the ALJ awarded disability benefits from July 9, 2002, to September 24, 2002.

¶3 Skaggs and Petitioner filed timely motions alleging error in the First Order. Petitioner filed a letter claiming he should have been awarded one hundred percent of ongoing medical costs, rather than the seven percent awarded by the ALJ. Skaggs's letter, entitled "Motion for Reconsideration and/or Motion for Review," pointed out the inconsistency in the ALJ's findings and claimed that Petitioner was not eligible for benefits after July 9, 2002. In response to these motions, the ALJ entered a Supplemental and Amended Findings of Fact, Conclusions of Law, and Order on February 8, 2005 (the Supplemental Order). In the Supplemental Order, the ALJ reiterated that Petitioner reached medical stability on July 9, 2002. The ALJ also awarded benefits from the date of the accident (May 4, 1999) to July 9, 2002. Petitioner's Application for Hearing, however, requested benefits only for the period of July 9, 2002, to September 24, 2002.

¶4 In response to the Supplemental Order, Skaggs filed another letter, again entitled "Motion for Reconsideration and/or Motion for Review," on February 15, 2005. On February 28, 2005, the ALJ issued an order denying Skaggs's motion for reconsideration (the Reconsideration Order). Skaggs then filed a motion for review of the Reconsidera-

tion Order with the Labor Commission Appeals Board on March 30, 2005. The Labor Commission granted Skaggs's motion for review and reversed the ALJ's award of temporary total disability benefits to Petitioner for the period prior to July 9, 2002. Petitioner now appeals the Labor Commission's order.

## ISSUE AND STANDARD OF REVIEW

¶5 Petitioner contends that the Labor Commission had no jurisdiction to review the ALJ's decision because Skaggs's motion for review was untimely. "Judicial review of final agency actions is governed by the Utah Administrative Procedures Act." *Acosta v. Labor Comm'n,* 2002 UT App 67, ¶10, 44 P.3d 819 (quotations and citation omitted). Accordingly, we may grant relief if the party "seeking judicial review has been substantially prejudiced" by an agency that "has acted beyond the jurisdiction conferred by any statute." Utah Code Ann. § 63–46b–16(4)(b) (2004). The issue of whether an agency has jurisdiction is a question of law, which we review for correctness. *See Stokes v. Flanders,* 970 P.2d 1260, 1262 (Utah 1998).

## ANALYSIS

¶6 Petitioner argues that "[Skaggs] did not file [the] motion for review within the 30 day time limit" and that "[t]he [Labor C]ommission did not have jurisdiction to grant [the] motion for review." We therefore must examine the relevant administrative law and rules to determine whether Skaggs timely filed its motion for review with the Labor Commission.[1]

¶7 According to the Utah Administrative Procedures Act,

[i]f a statute or the agency's rules permit parties to any adjudicative proceeding to

---

1. Petitioner relies on *Gillett v. Price,* 2006 UT 24, 135 P.3d 861, for the proposition that because the Utah Rules of Civil Procedure do not recognize motions for reconsideration, Skaggs's motions for reconsideration or review did not toll the thirty-day period for filing a motion for review. This argument is unavailing. First, *Gillett* placed only a prospective ban on motions for reconsideration, not a retroactive ban, and Skaggs's motions were filed well before the Utah Supreme Court issued *Gillett* on April 28, 2006. *See id.* at ¶8 (*"Hereafter,* when a party seeks

relief from a judgment, it must turn to the rules to determine whether relief exists.... Parties can no longer leave this task to the court by filing so-called motions to reconsider and relying upon district courts to construe the motions within the rules." (emphasis added)). Second, *Gillett* concerned the Utah Rules of Civil Procedure, whereas this case is governed by the Utah Administrative Procedures Act, the Labor Code, and the Utah Administrative Code. *Gillett,* therefore, is not binding authority on this administrative law case.

seek review of an order by the agency or by a superior agency, the aggrieved party may file a written request for review within 30 days after the issuance of the order with the person or entity designated for that purpose by the statute or rule.

Utah Code Ann. § 63–46b–12(1)(a) (2004); *see also id.* § 34A–2–801(3)(a) (Supp.2006) ("A party in interest may appeal the decision of an administrative law judge by filing a motion for review with the Division of Adjudication within 30 days of the date the decision is issued."). Under the Utah Labor Code, "[a] decision entered by an administrative law judge ... is the final order of the [Labor C]ommission unless a further appeal is initiated." *Id.* § 34A–1–303(1) (2005). And under Labor Commission rule 602–2–1(M), "[a]ny party to an adjudicative proceeding may obtain review of an [o]rder issued by an Administrative Law Judge by filing a written request for review with the Adjudication Division in accordance with the provisions of Section 63–46b–12 and Section 34A–1–303, Utah Code." Utah Admin. Code R602–2–1(M).

¶ 8 If a party properly files a motion for review, the ALJ "shall ... [r]eopen the case and enter a [s]upplemental [o]rder after holding such further hearing and receiving such further evidence as may be deemed necessary; [or] [a]mend or modify the prior [o]rder by a [s]upplemental [o]rder." *Id.* Once the ALJ issues "a [s]upplemental [o]rder, ... it shall be final unless a request for review of the same is filed." *Id.* Thus, parties are entitled to file motions for review of supplemental orders, and if such a motion is filed, the supplemental order is not a final agency action.

¶ 9 Skaggs contends that it complied with the foregoing statutes and administrative rules because it filed both motions for reconsideration or review within thirty days of the ALJ's order appealed from.[2] Because

the first two motions for reconsideration or review filed with the ALJ were timely, Skaggs alleges, its motion for review filed with the Labor Commission Appeals Board was also timely. We agree.

¶ 10 The ALJ entered the First Order on January 13, 2005, and both Skaggs and Petitioner responded to this order within thirty days. Petitioner's letter, dated February 5, 2005, did not contain a caption or title, but demonstrated Petitioner's concerns that the First Order contained errors. Skaggs's letter, dated January 21, 2005, was captioned "Motion for Reconsideration and/or Motion for Review." Both parties therefore filed some form of motion for review with the ALJ within the thirty-day period required by Utah Code section 63–46b–12 and Utah Administrative Code rule 602–2–1(M).

¶ 11 In response to these motions for review, the ALJ entered the Supplemental Order on February 8, 2005. Skaggs then filed a second letter captioned "Motion for Reconsideration and/or Motion for Review" on February 15, 2005. Once a supplemental order is filed, the parties are entitled to file a request for review of that supplemental order. *See* Utah Admin. Code. R602–2–1(M)(2) ("If the Administrative Law Judge enters a [s]upplemental [o]rder, ... it shall be final unless a request for review of the same is filed."). Skaggs filed its motion for review of the Supplemental Order on February 15, 2005, just seven days after the ALJ issued the Supplemental Order. Skaggs, therefore, timely filed its motion for review with the ALJ, and the Supplemental Order never became final.

¶ 12 The ALJ then entered the Reconsideration Order on February 28, 2005. Skaggs filed its motion for review with the Labor Commission, which the Labor Commission received on March 30, 2005. Skaggs, therefore, filed its motion for review "within 30 days after the issuance of the order with the

---

2. The Labor Commission Appeals Board noted in its order granting Skaggs's motion for review that "Skaggs'[s] requests for reconsideration should have been treated as motions for Commission review" because "the Utah Administrative Procedures Act allows reconsideration only when no further agency review is available," and Skaggs did have a right to further agency review.

We agree and therefore treat Skaggs's motions as requests for review. *See* Utah Code Ann. § 63–46b–13 (2004) (governing requests for reconsideration in administrative proceedings); Utah Admin. Code R602–2–1(O) (governing requests for reconsideration in Labor Commission proceedings).

person or entity designated for that purpose by the statute or rule." Utah Code Ann. § 63–46b–12. The Labor Commission did not err by considering Skaggs's timely motion.

## CONCLUSION

¶ 13 Because Skaggs timely filed its motion for review, the Labor Commission Appeals Board had jurisdiction to consider Skaggs's motion. We therefore affirm the Labor Commission's order granting Skaggs's motion for review and setting aside the award of temporary total disability benefits.

¶ 14 WE CONCUR: JUDITH M. BILLINGS and WILLIAM A. THORNE JR., Judges.