**2021 UT App 127**

## THE UTAH COURT OF APPEALS

SYSCO CORPORATION AND AMERICAN ZURICH INSURANCE,
Petitioners,
*v.*
LABOR COMMISSION AND PAUL ROBERTS,
Respondents.

Opinion
No. 20200634-CA
Filed November 18, 2021

Original Proceeding in this Court

Brad J. Miller, Attorney for Petitioners

Brian D. Kelm, Attorney for Respondent
Paul Roberts

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1    While working as a salesperson for Sysco Corporation, Paul Roberts was injured in four work-related automobile accidents, became permanently disabled, and was awarded workers' compensation benefits. Now Sysco and its insurance carrier, American Zurich Insurance, (collectively, Sysco) seek judicial review of the Labor Commission's (the Commission) determination that Sysco forfeited the right to collect an offset, based on third-party damages Roberts had earlier collected from civil personal injury claims, against the permanent total disability (PTD) benefits Sysco was ordered to pay Roberts. We decline to disturb the Commission's decision.

BACKGROUND

¶2     Roberts sought and was awarded PTD benefits based on injuries he sustained in four different work-related automobile accidents between 2005 and 2014.[1] *See Sysco Corp. v. Labor Comm'n*, 2021 UT App 126, ¶¶ 2, 8. Sysco had previously paid medical expenses and permanent partial disability benefits in connection with Roberts's 2014 accident, but Roberts had not pursued industrial benefits in connection with the three earlier accidents prior to the fourth accident.

¶3     Apart from seeking workers' compensation benefits for his injuries, Roberts had successfully recovered damages from third parties based on independent civil claims associated with three of the four automobile accidents, including the last one. In the course of discovery on the PTD claim, Sysco sought information regarding Roberts's involvement in litigation relating to those accidents and any settlements he had received as a result of his lawsuits. According to Sysco, it received inadequate responses from Roberts to its interrogatories regarding these third-party claims. Sysco filed several motions to

---

1. On review, Roberts asserts that Sysco cannot claim offsets for any accidents apart from the one in 2014 because it did not pay any benefits associated with those accidents. Roberts asserts that the Commission awarded PTD benefits only for the 2014 accident and not for the three prior accidents. He maintains that any discussion of the prior accidents merely gave context to the most recent accident, which "had permanently aggravated a condition caused by the other three accidents." However, the record belies this assertion. Roberts filed four applications for hearing, asserting that each of the four accidents had contributed to his PTD claim. Furthermore, the Commission concluded that he was "permanently and totally disabled *as a result of his multiple work accidents*." (Emphasis added.)

compel with the administrative law judge (ALJ), which the ALJ denied. Sysco did not ask the Commission to review the denial of those motions. Additionally, Sysco never raised the issue of offsets to the ALJ or the Commission in the context of the adjudication of Roberts's PTD claim. At some point, however, Sysco placed a lien on Roberts's settlement from the 2014 accident.

¶4     Ultimately, the Commission determined that Roberts "is permanently and totally disabled as a result of his multiple work accidents and resulting chronic neck and low-back problems" and awarded benefits. On March 3, 2020, following the Commission's award of PTD benefits, Sysco filed a new motion to compel requesting information about Roberts's settlements relating to the earlier accidents. Roberts responded to the motion and asserted that he had already provided the requested information. Furthermore, he asserted that the information was irrelevant because Sysco could not claim an offset from the third-party settlements associated with the earlier accidents. However, Roberts eventually conceded that the entire net proceeds of the settlement from the 2014 accident should be offset against the benefits award Sysco was ordered to pay.

¶5     In response to Sysco's motion to compel, the ALJ issued an order stating that it was "necessary to hold an evidentiary hearing in order to enter findings of fact regarding . . . whether any third-party settlements are applicable to and/or offset the PTD amounts" and scheduled a hearing to address the offset issue. In response, Roberts filed an expedited motion for review with the Commission, asserting that no hearing was needed regarding the offsets because Sysco had forfeited its right to assert them. The ALJ cancelled the hearing, but the Commission nevertheless ruled on the motion for review, determining that Sysco had waived its right to seek offsets for the third-party recoveries by failing to raise the issue or present any evidence relating to it during the underlying benefits adjudication.

¶6    Sysco filed a motion for reconsideration with the Commission, reasserting its arguments regarding the offsets and also arguing that the Commission lacked jurisdiction to consider the motion for review after the ALJ cancelled the hearing. The Commission denied Sysco's motion for reconsideration.

ISSUES AND STANDARDS OF REVIEW

¶7    Sysco now seeks judicial review of the Commission's orders and asks us to consider two issues. First, Sysco asserts that the Commission lacked jurisdiction to issue an order regarding its forfeiture of the offset issue. "[W]hether an agency has jurisdiction is a question of law, which we review for correctness." *Mendoza v. Labor Comm'n*, 2007 UT App 186, ¶ 5, 164 P.3d 447.

¶8    Second, Sysco asks us to set aside the Commission's determination that it forfeited its right to recover third-party offsets. "Whether a party properly raises an issue for adjudication is a question of law, which we review for correctness." *Grint v. Labor Comm'n*, 2007 UT App 114U, para. 1.

ANALYSIS

I. Jurisdiction

¶9    Sysco first asserts that the Commission lacked jurisdiction to review the ALJ's order determining that a hearing was necessary to address the offset issue because the ALJ subsequently cancelled that order. But in fact, the ALJ did not cancel the *order*; it cancelled the *hearing*. In other words, the cancellation of the hearing did not alter the portion of the order Roberts challenged before the Commission—that "the Court finds it necessary to hold an evidentiary hearing . . . regarding . . . whether any third-party settlements are applicable

to and/or offset the [PTD benefits]." In fact, the notice of cancellation is silent as to the reason for the cancellation; there is nothing to suggest that the ALJ would not reschedule the hearing for another date.

¶10 "A party in interest may appeal the decision of an administrative law judge by filing a motion for review with the [Commission] within 30 days of the date the decision is issued." Utah Code Ann. § 34A-2-801(4)(a) (LexisNexis 2019). Roberts's expedited motion for review asserted that it was unnecessary for the ALJ to hold a hearing regarding the offsets because Sysco had forfeited its right to pursue them. As the ALJ had issued an order indicating that such a hearing was necessary, the issue of Sysco's forfeiture was raised in Roberts's expedited motion and was properly before the Commission.

¶11 Sysco nevertheless asserts that it should have been afforded a hearing on the issue of offsets in front of the ALJ before the Commission considered that matter. In doing so, it compares the Commission to an appellate court, which requires issues to be raised and addressed in a lower tribunal before they can be asserted on appeal. *See State v. Johnson*, 2017 UT 76, ¶¶ 40–44, 416 P.3d 443 (discussing the dangers of appellate courts considering issues that have not been fully argued by the parties or adequately addressed by lower tribunals).

¶12 However, the same policies underlying an appellate court's preservation and waiver requirements do not apply to the situation at hand. Unlike appellate courts, which are not fact-finding bodies, the Commission has "fact-finding authority." *Columbia HCA v. Labor Comm'n*, 2011 UT App 210, ¶ 6, 258 P.3d 640; *see also* Utah Code Ann. § 34A-1-303(4)(c) (LexisNexis 2019) (authorizing the Commission to base its decision either on "evidence previously submitted in the case" or on "supplemental evidence"); *cf. Day v. Barnes*, 2018 UT App 143, ¶ 16, 427 P.3d 1272 (explaining that a district court's review of a

commissioner's recommendation is not "appeal-like" and "instead requires independent findings of fact and conclusions of law based on the evidence" (quotation simplified)). And either an ALJ or the Commission has the authority to adjudicate an issue for the first time. *See Columbia HCA*, 2011 UT App 210, ¶ 6 (rejecting an argument that an issue was unpreserved because a party had raised it for the first time in front of the Commission rather than the ALJ). Thus, the Commission had the authority to review, in the first instance, the question of whether Sysco had forfeited its right to raise the offset claim.

## II. Forfeiture of the Offset Claim

¶13 Sysco next asserts that the Commission erred in determining that Sysco had waived its right to seek offsets because that issue was not considered during the adjudication of Roberts's claim to PTD benefits. Sysco cites *Larsen Beverage v. Labor Commission*, 2011 UT App 69, 250 P.3d 82, for the proposition that it could not waive its right to offsets without doing so clearly and intentionally. *See id.* ¶ 11. But the type of waiver addressed in *Larsen Beverage* is different from that at issue in this case.

¶14 *Larsen Beverage* addressed the question of whether the employer had intentionally given up its right to seek reimbursement from the Employers Reinsurance Fund by entering into a stipulation to pay benefits—in other words, it concerned a true waiver. *See id.* ¶ 8. To determine that a party has agreed to give up a right, as the Employers Reinsurance Fund alleged in *Larsen Beverage*, "the waiver must be clear and unmistakable." *Id.* ¶ 11 (quotation simplified); *accord Medley v. Medley*, 2004 UT App 179, ¶ 10, 93 P.3d 847; *cf. State v. Pedockie*, 2006 UT 28, ¶ 28, 137 P.3d 716 (explaining that a "[t]rue waiver" of a right to counsel is clear and unequivocal).

¶15 But here, Roberts did not allege that Sysco agreed to give up a right. Rather, he alleged that Sysco forfeited its right to seek

an offset by failing to raise its offset demand in a timely manner. "Although the terms 'waiver' and 'forfeiture' are often used interchangeably in Utah case law, the two concepts are fundamentally different. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *State v. Williams*, 2020 UT App 67, ¶ 32, 462 P.3d 832 (quotation simplified); *accord In re adoption of Baby E.Z.*, 2011 UT 38, ¶ 51 n.1, 266 P.3d 702 (Lee, J., concurring); *see also Taylor v. University of Utah*, 2020 UT 21, ¶ 50 & n.10, 466 P.3d 124 (electing to use the term "forfeit" rather than "waive" in discussing the effects of appellants' failure to raise an issue in their opening brief because the court did "not opine (or know) if the [appellants] relinquished their argument intentionally").

¶16    A party has an "obligation to raise all the issues that could have been presented" before the Commission, and "those issues not raised [are] waived"—or, more precisely, forfeited. *See Pease v. Industrial Comm'n*, 694 P.2d 613, 616 (Utah 1984); *see also Ashcroft v. Industrial Comm'n*, 855 P.2d 267, 268 (Utah Ct. App. 1993) (holding that a party had forfeited "claims that could have been presented to the Commission" but were not). Here, Roberts had entered into the settlements with third parties long before filing his claim for PTD benefits, so Sysco had the opportunity to raise the offset issue in the course of adjudicating that claim. However, it did not do so.

¶17    Sysco points to its "multiple attempts to seek evidence of third-party settlements" as support for its argument that it did not forfeit the right to seek offsets and spends a good part of its brief pointing out the discovery requests it made and the deficiencies in Roberts's responses. But any shortcomings in Roberts's discovery responses are not properly before us. The ALJ denied Sysco's motions to compel, and Sysco did not ask the Commission to review that denial. And ultimately, Sysco did not raise the issue of its entitlement to offsets before either the ALJ or

the Commission. Further, its discovery attempts do not demonstrate a lack of forfeiture. In fact, if anything, they suggest that Sysco did forfeit its entitlement to offsets, as it appears to have abandoned its earlier attempts to pursue the offsets by not raising discovery issues before the Commission. Thus, the Commission did not err in determining that Sysco had forfeited its right to seek offsets.

CONCLUSION

¶18    The Commission had jurisdiction to review the ALJ's order determining that a hearing on offsets was necessary. Moreover, the Commission did not err in determining that Sysco had forfeited its right to pursue offsets by failing to assert them when adjudicating Roberts's PTD claim. Accordingly, we decline to disturb the Commission's decision.

_____